Scoeield, J.,
delivered the opinion of the court:
The claimant, a corporation under the laws of California, and owner of the Foye patent, sues the United States to recover, upon an alleged implied contract, the sum of $23,470, as royalty for the use of the patent in the construction of the branch mint in San Francisco.
The patent covers a system of iron bonding, designed to so strengthen walls of masonry as to enable them to withstand the shocks of earthquakes. It consists, first, of parallel iron rods inclosed longitudinally in the walls; second, of transverse iron bars lying upon and fastened at the crossing to the longitudinal rods; and, third, iron rods extending from the base to the top of the walls and connected by rivets or loops both to the longitudinal rods and transverse bars so as to form a complete union in bond throughout the walls of the building.
The defendants used iron rods inclosed in much the same manner longitudinally in the walls. They were fastened at the corners of the building by anchors, consisting of vertical rods 3 feet in length. Over these longitudinal rods transverse bars were laid as in the patent, but not, as in the patent, fastened to them at the crossings. One end of the cross-bars was bent down and morticed into the outside granite, and the other bent up to clasp the wall on the inside, so as to hold firmly together the inside brick work and the outside shell of granite. Except for anchors, as stated, no vertical rods were used in connection therewith.
While each system of bonding was designed to accomplish the same result, and the same material was employed in each, they were quite unlike in theory and in action.' In the government plan the rods and cross-bars acted directly upon the walls, while in the patent plan they were all united, and acted in combination. ,The longitudinal, transverse, and vertical *242 rods were so joined together as to form within the walls of 'masonry a skeleton iron frame. This combination was the chief if not the only feature in the patent. The patentee, in his specifications, says:
“What I claim and desire to secure by letters patent is-: The ground frame, consisting of rods F [longitudinal iron rods] and girders a [transverse iron bars] in combination with the guide rods e [vertical iron rods], connected and arranged substantially as herein set forth.”
Nothing except the combination appears to be included in this specification. If more had been included it is not certain that a patent would protect it. The use of iron rods for bonding masonry walls, inserted either lengthwise, crosswise, or vertically, was known and practiced in some form long anterior to the date of the patent.
The defendants did not use the combination. They used longitudinal rods and transverse bars without joining the two together, but vertical rods were not used at all.
In Prouty & Means v. Ruggles (16 Peters, 341) Chief Justice Taney says:
“The patent is for a combination, and the improvement consists in arranging different portions of the plow and combining them together in the manner stated in the specifications for the purpose of producing a certain effect. None of the parts referred to are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new or stated to produce any given result. ■ The end in view is proposed to be accomplished by the union of all, arranged and combined together in the manner described. * * * The use of any two of these parts only, or of two combined with a third, which is substantially different in the form or in the manner of its arrangement and connection with the others, is therefore not the thing patented. It is not the same combination if it substantially differs from it in any of its parts.”
In Gould v. Rees (15 Wall., 187) it is held that—
“ When three elements are claimed in a patent in combination, the use of two of the elements only does not infringe the patent.”
In Dunbar v. Myers (94 U. S. R., 201) the court says:
“All must agree that the claimed combination includes the clamps, and the infringement is not proved unless it appears that the respondents use the entire combination. Having already decided that the respondents do not use the clamps of *243 the complainants it is unnecessary to pursue tbe inquiry, except to say it is settled law that when the respondent in constructing his machine omits one of the ingredients of the complainant’s combination, he does not infringe thé complainant’s patent.”
By applying the rule of law laid down, by these authorities to the facts of the case as found by the court and above stated, it appears that the defendants have not used the patented invention of the claimant, and the petition must be dismissed.