Drake, Oh. J.,
delivered the opinion of the court:
Under the act of March 3, 1883, (22 Stat. L., 485, ch. 116,) commonly referred to as the Bowman Act, the Committee on Military Affairs of the House of Eepresentatives, on the 5th of March, 1884, transmitted to this court the claim of Eobert W. Dunbar, for investigation and determination of facts under the provisions of that act.
Nothing accompanied the letter of transmittal, but a printed copy of House Bill No. 4723, Forty-eighth Congress, 1st session, introduced February 11, 1884, and referred to that Committee, in the words following:
“A Bill for the relief of Robert W. Dunbar.
“Beit enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the claim of Eobert W. Dunbar, of the State of Oregon, for compensation for losses and damages incurred by breach of contract on the part of the United States in regard to the charge, possession, and care of the military reservation, and buildings thereon, known as Fort Orford, in the State of Oregon, which contract was executed by Thomas Swords, deputy quartermaster-general, United States Army, on behalf of the United States, at the city of San Francisco, in the State of California, on the twenty-first day of April, eighteen hundred and sixty, and by the claimant, at San Francisco, California, on the twenty-sixth day of April, eighteen hundred and sixty, be, and the same is hereby, referred to the Court of Claims; and the said court is authorized and directed to adjudicate said claim upon its merits, to ascertain the value of said contract to the claimant on *491 the basis of law and, equity, and to determine the loss and damage, if any, incurred by the claimant in consequence of the alleged breach of said contract by the United States.”
Under the rule of this court adopted in reference to cases sent hither under the Bowman Act, the claimant, on the 31st of March, 1884, filed a petition, the part of which setting forth his demand is as follows:
“ To the honorable the Court of Claims:
“ Your petitioner, Robert W. Dunbar, respectfully shows to your honorable court that in the month of October, 1856, he was appointed to take charge of thebuildings, grounds, and property of the United States connected with the military reservation of Fort Jrford, in the then Territory of Oregon, the same having been abandoned for military purposes. He continued under said appointment until the 26th day of April, 1860, when a certain express contract ivas made between your petitioner and the United States, acting by Ool. Swords, deputy quartermaster-general, U. S. Army, under express authority of the Secretary of War, which contract is hereto annexed, marked Exhibit A, and made a part hereof, whereby the possession of the military reservation aforesaid and't,he buildings thereon were granted to your petitioner for the period of ten years, unless the same should be required for military purposes or it should be deemed advisable to sell them.
“That your petitioner, acting upon the faith of the said contract, made numerous improvements upon the said military reservation, and made arrangements to carry on his business as a merchant on a large scale. That he continued in business as a merchant on the said reservation, in the receipt of large profits, until the 22d day of May, 1862, when lie was ordered by authority of the Secretary of War to quit the premises aforesaid, and was compelled to quit the same; and your petitioner avers that this action of the Secretary of Wstr was a breach of the aforesaid contract, because the said premises were not required for military purposes, and it was not deemed advisable to sell them, but they were placed' in the possession of William Tichenor, collector of customs, an officer of the Treasury Department, for uses connected with that Department, and were not used for military purposes or sold.
“ And yofir petitioner further avers that by the said breach of the aforesaid contract by the United States he sustained damages in the sum of $20,000.”.
“Exhibit A.
“ Know all men by these presents, that I, Lieut. Col. Thomas Swords, deputy quartermaster-general and chief of the quartermaster’s department United States Army, in the Department of *492 California, by virtue of authority vested in me by the Secretary of War, have, made, constituted, and appointed, and by these presents do make, constitute, and appoint,* R. W. Dunbar, of Port Orford, State of Oregon, an agent of the Quartermaster’s Department, for the purpose of taking charge and holding possession of the military reservation and buildings thereon known as Fort Orford, in the State of Oregon; that he is to have exclusive control of the same, subject to the orders of myself and my successors in office; and that, in consideration thereof, he is permitted to occupy, by himself or others, such portion of and to make such repairs and improvements to the premises aforesaid as he may think fit, without endangering or damaging any part or portion of them.
“ The appointment to continue in force for and during the term of ten years, and after the first day of May, A. D. eighteen hundred and sixty, without the premises should previously to that time be required for military use, or it should be deemed advisable to sell them, in which event this appointment is to cease, and he is to vacate and surrender the premises, together with such improvements as he may have made, on the order of the military commander of California, or of such other military department as Fort Orford may at that time be included; it being distinctly understood that he is not, by virtue of occupancy, possession, or the improvements he may make, to advance for himself, his heirs, or successors any claim to the ground or premises.
“ In witness whereof I have hereunto set my hand and seal at San Francisco, California, this twenty-first day of April, eighteen hundred and sixty.
“Thomas Swords, [seal.]
“ Dept. Q. M. Gen., Lt. Col. U. 8. A.
“ In the presence of—
“ D. Ferguson.
“ I hereby accept the appointment aforesaid on the conditions therein stated.
“ Signed and sealed at San Francisco, Cal., the 26th day of April, A. D. eighteen hundred and sixty.
R. W. Dunbar, [seal.]
“In presence of—
“ D. Ferguson,
“ Richard D. Blauvelt, Jr.”
On behalf of the defendants it is moved to dismiss this petition, on the ground that the court is denied jurisdiction of the claim by that clause in section 3 of the Bowman Act, which says:
“ Nor shall the said court have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
*493 To sustain this motion it must appear that, when that act was passed, this claim was “ barred by virtue of the provisions of a law of the United States.”
To this end the defendants rely on section 10 of the act of March 3, 1863 (12 Stat. L., 765, ch. 92), which provides—
“ That every claim against the United States, cognizable by the Court of Claims, shall be forever barred, unless the petition setting forth a statement of the claim be filed in the court # * * within six years after the claim first accrues.”
This provision is now section 1069 of the Revised Statutes. It has been repeatedly before us in various aspects and connections, but not in a case like the present.
In deciding upon its bearing on the question now presented, it is important to keep in full view the exact character and position of the claim transmitted by the committee to this court.
It needs only a single reading of the bill and the petition to see that the demand is one for unliquidated damages for breach of contract. In Powers’ Case (11 C. Cls. R., 263) and in McClure’s Case (ante, 18) we held that this is a description of claim which no executive department has or ever had jurisdiction to examine and settle.
When, therefore, the alleged breach of contract occurred, the claimant had one of two courses to pursue to obtain compensation for the damage he claimed to have suffered, namely, either to appeal to Congress for such relief as that body might see fit to grant; or to avail himself of his unquestionable right to sue in this court, and obtain a judicial investigation and determination of the whole matter.
The former course he never saw fit to take till February 11, 1884, nearly twenty-two years after the date assigned to the averred breach of contract; but that has no bearing upon the questions involved here, and is mentioned merely as a fact in the history of the case.
October 11, 1871, more than nine years and four months after his cause of action, according to his own statement, accrued, he filed a petition in this court, substantially the same as that above set forth; which was dismissed on the 3d of February, 1879, on the ground of the bar of the limitation prescribed in said section 10 of the act of March 3, 1863.
If he felt aggrieved by the order of the court dismissing the *494 case, an appeal to the Supreme Court was open to him, but he did not avail himself of it.
When his case was thus disposed of, there remained, outside of Congress, no tribunal or authority vested with power to act upon his claim in any way. It was to every intent barred, not by any act of any department or officer of the government, but by his own neglect to assert his claim, within six years after it accrued, before the only tribunal where it could be adjudicated.
Such being the case, section 3 of the Bowman Act prohibits our taking jurisdiction of it. The liability of the claim to this prohibition was not a fact which could, under the circumstances, have been known to the committee when it sent the claim to this court; but was necessarily to be brought to light here, when the case should come before us, and the history of the claim should appear.
The motion to dismiss the petition for want of jurisdiction is sustained; and it is ordered that a copy of this opinion be transmitted to the Committee on Military Affairs of the House of Representatives.