Nott, J.,
delivered the opinion of the court:
The claimant in this case invited the government to adopt his patented infantry equipments, and the government did so.
*670 It is cod ceded on both sides that there was no infringement of the claimant’s patent, and that whatever the government did was done with the consent of the patentee and under his implied license.
So far the case is like McKeever’s (14 C. Cls. R., 396); but other facts appear. It appears that the claimant’s device, though adopted, did not go into general use, and that it was abandoned by the government when this suit was brought. It may also be inferred from the evidence that of ten thousand five hundred knapsack equipments manufactured by the government very few have been issued for use.
On these facts the claimant’s counsel points to the Patent Act, 1870 (16 Stat. L., p. 198, sec. 2, ch. 230), and shows that the patentee has an exclusive right to “ make, use, and vend” his invention; and he infers that this fixes the liability of the government for manufacturing ten thousand five hundred equip-' ments of the claimant’s device. If this were an action for infringement the statute undoubtedly would. But the statute merely defines the property of the patentee in his invention, and does not necessarily express the contract which may exist between the patentee and his licensees. When the court is ascertaining the extent of the implied contract between the parties it must look not to the statute but to the circumstances of the transaction.
The claimant here knew that his device was of little value save for military use, and that the government would be substantially his only customer. He also knew that the government was not a manufacturer and vendor of military supplies, and that whatever equipments it manufactured of Ms device would be exclusively for its own use. With this knowledge and upon these conditions he invited the government to adopt for Army use his patented device, and the government did so.
The natural inference from these facts is that the government was to pay, not for the valueless right to manufacture but for the valuable right to use.
Moreover, in a case like this the action at law which the plaintiff chooses to bring is often significant and sometimes decisive as to the nature and extent of the implied contract sued upon. This suit is not brought for an infringement, neither is it brought upon an implied license to manufacture, but it is brought to recover a specified royalty for a designated num *671 ber of infantry equipments, “manufactured and used? The royalty sued for, therefore, is dependent when taken in connection with the circumstances of the transaction, upon the element of use as well as upon the element of manufacture.
But by the term, “ use of the invention,” is not to be understood its usefulness. The utility of the invention cannot be attacked in this action; the user under the patent right is the only issue in the case. Whether a newly discovered device is or is not more useful than the old one which it supplants the consumer must determine for himself before he buys the patented article or uses it under the inventor’s license.
The order of the court is that the case be remanded to the trial docket, with leave to the parties to introduce evidence to-show what number of the equipments described in the petition have been issued for use, and what number thereof are retained in the depots of the defendants.