Weldon, <7.,
delivered the opinion of the court:
In this case the defendants make a motion to dismiss for want of jurisdiction.
*112 The ground relied on to sustain the motion is, that this court had jurisdiction of the claim under Eevised Statutes, section 1059, in that clause which provides that the court shall have jurisdiction “ upon any contract, express or implied, with the Government of the United States.” If the contention of the defendants be true the objection is well taken, and the motion should be sustained.
The subject-matter of this claim has been before this court in two proceedings, first in the year 1871, when the case was dismissed for want of prosecution; and again in 1884, and is reported in 19 C. Cls. R., 674. In both proceedings the claimant alleged as a cause of action a contract with the United States, and a violation of the same. In the latter case the petition was filed under the Bowman Act; a reference having been made in that proceeding by the Committee of War Claims of the House of Eepresentatives.
The fact that the claimant has in two instances alleged that there was a contract between him and the United States embracing in substance the same facts alleged in this case, will not prevent the maintenance of this petition, provided, upon legal principles, the facts alleged do not in law constitute an agreement or contract. If parties mistake the legal effect of an instrument or state of facts, while it might, by the strict rules of law applicable to the subject of pleading, involve serious consequence in that particular case, it would not in a subsequent proceeding enlarge or diminish the jurisdiction of the court in which the party may seek a new remedy.
The jurisdiction of a court in its subject-matter is fixed and determined by law and not by the consent or act of parties. The jurisdiction of the person of the litigant is often determined by consent or acts of the parties; but the jurisdiction as to subject-matter has an origin in a- source higher than the will of parties to a controversy.
It is conceded that the petition in this case is “ based upon the same transaction that the petition in the case in 19th Court of Claims was predicated, but it is insisted it is a different claim in law, because it is alleged in this petition that the officers of the defendants had no right to make a contract, such as they attempted to make, and therefore there is no contract, and the claimant is now, as he always has been, without a legal right to recover.
*113 If it be true that the claimant had no cause of action at any time which might have been asserted in this court, and his claim is not barred “ by virtue of the provisions of any law of the United States,” then he has a right to maintain this petition under the present reference, although he has asserted a contract by the pleadings in both of his former cases.
It is now said, this is a claim for losses resulting from a failure on the part of the Government to carry out stipulations made by the Government officers which were beyond their authority. The transaction is now called a “stipulation” and not a contract. As was said by the court in Symonds’s Case (21 C. Cls. R., 118), “the legal essence of things cannot be changed by a mere name,” and if the stipulation referred to in the petition has the qualities of a contract, and it was made by persons competent to contract, then the jurisdiction is barred under the third section of the Bowman Act.
While the form of the petition in the present case is different in the structure of its allegations from the case when before this court at former terms, no new element of fact is introduced to distinguish this proceeding from the proceeding-based on the petition when before the court as an original case, and upon reference under the Bowman Act, as reported in the 19th C. Cls. R.
It is said in the opinion in the 19th, “ It needs only a single reading of the bill and petition to see that the demand is one for unliquidated damages for breach of contract. In Power’s Case (11 C. Cls. R., 263) and in McClure’s Case (ante, 18) we held that this is a description of a claim which no Executive Department has or ever had jurisdiction to examine and settle.” (Dunbar v. The United States, 19 C. Cls. R., 493.)
It is very clear from the allegations of the petition, that the officers of che United States made a contract with the petitioner and violated the same, provided they had jurisdiction of the subject-matter of the contract as property, and power in law to deal with it, as they did by the terms of the agreement.
The memorandum, stipulation, contract, or agreement was executed by Thomas Swords, deputy quartermaster-general, by virtue of authority vested in him by the Secretary of War, was made in pursuance of express orders from the Department, and unless the court is satisfied that the exercise of the power upon the part of the officers in leasing the premises was without au *114 thority, we must hold that the undertaking was binding upon both parties, and for a violation of it both parties would be liable. We have considered the question aside from the authority of this court, and can find no reason for changing the rule heretofore announced in the case reported in the 19th O. Cls. R. It is the judgment of the court that the motion to dismiss for want of jurisdiction be sustained.