Nott, J.,
dissenting:
The petition in the former action (19 C. Cls. R., 489) did not contain the allegation, which is the vital element of the present case:
‘!And your petitioner avers that his claim appeals not to strict grounds of law, but to the equitable discretion and good conscience of Congress, because he believed that the stipulations contained in the instrument before mentioned were strictly within the power of the Secretary of War, and he relied upon the representations made to him by the highest executive officer of the Government in the War Department, and in good faith expended large sums of money. Wherefore he believes that the United States cannot in good conscience refuse to compensate him.
“ Wherefore your petitioner again is compelled to appeal to the good conscience of the United States, and submits that as he relied upon the assurance contained in the instrument before mentioned, which was executed by authority of the highest executive officer in the War Department, he should be recompensed by the United States for his said losses and damages.”
Therefore the decision in the former case does not constitute a bar to this.
The defense indeed presents this dilemma: If the lease executed by the Secretary of War was ultra vires, it was not the act of the United States, and there was no contract, claim, or demand to which the statute of limitations could attach; if, on the other hand, the lease was the act of the United States, it created a leasehold estate belonging to the claimant, from which he was illegally evicted and the present cause of action is not for breach of contract, but for wrongful eviction — a cause of action whereof the court had not jurisdiction. Moreover it had not jurisdiction for the reason that the ouster of the claimant by the officers of the Government was under a claim of right, and the Supreme Court has decided that in such a case no contract can be implied, and consequently no action can be maintained. (Langford’s Case, 101 U. S. R., 341.)
The present suit must be regarded as standing upon the *115 proposition that if the Government allowed a citizen to erect buildings and make roads upon its property on the faith of a contract made by the highest executive authority, and then, contrary to the terms of the supposed agreement, evicted him and appropriated his improvements to its own uses and purposes, it, in equity and good conscience, ought to recognize the agreement so far as to compensate him, not necessarily for his losses, but, assuredly, for the advantages which it acquired through the act, authorized or unauthorized, of its chief executive agent.
The law of real property, rigorous and often inequitable in its application, would not enable a party thus circumstanced to seek relief even in equity, nor would an implied contract be held to arise for the value of improvements put upon the land, however unequitable the conditions under which they were lost by the one party and acquired by the other. But if the Government were to obtain possession of personal property by a similar proceeding of its agent, the law would require it to restore the goods or pay their reasonable value, and an action might be maintained under the general jurisdiction of this court. (Salomon’s Case, 19 Wall. R., 17, reversing the decision of the Court of Claims in 7 C. Cls. R., 482.) The law of real property casts no such liability upon the owner of land, but equity and good conscience do.
The claimant is mistaken in setting up the profits of his private business as the measure of his damages. In no view of the case can the Government be made liable for damages remote and consequential. Wbat the claimant is entitled to show in this proceed ng is (3) the rental value of the quasi leasehold of which he was deprived, or (2) the value of the improvements which the Government acquired by its re-entry on the land. If Congress, as the principal in this transaction, should choose to ratify the unauthorized lease of their agent, the Secretary of War, the rental value of the property will be the measure of redress, the improvements passing to the United States by the terms of agreement. If Congress do not see fit to ratify the agreement, then the claimant cannot be compensated for the leasehold which he lost, but should be for the advantages which the Government acquired. That is to say, if the lease be not ratified the value of the improvements which he put upon the land on the faith of it will constitute the relief to which he will be entitled.