Per CURIAM:
The counsel for the respective parties having entered into a stipulation that the evidence in the case of Addison C. Fletcher v. The United States (11 C. Cls. R., 749) may be referred to and examined in this case, and the court having considered the same in arriving at its present decision, it is ordered that the-judgment entered and the findings of fact filed on the former hearing of the case, June 7, 1880, be set aside, together with the conclusions of law and opinion then filed, and that those now filed be substituted in their stead.
■ Upon the facts now found the court is of the opinion that where an officer of the Government is properly assigned to the task of devising, preparing, or making an instrument, implement, or other subject of manufacture for the public service, and he does so, the Government bearing the expense of the experiments incidental to the invention, and the cost of completing, perfecting, and testing the device, the officer receiving his salary for his services, a presumption of implied contract does not arise, and no action to recover a royalty for the use of the invention can be maintained.
The court is also of the opinion that the fact in this case that the invention of the stamp was made before the officer was assigned to the duty of devising one, does not take the case out of the foregoing principle, inasmuch as he, at the time of making the invention, was an officer of the Government, and the cost of testing, completing, and perfecting his device was borne by the Government, the work being done in theBureau of which he was chief, and by Government workmen under his control.
The court is also of the opinion that where an officer of the Government is assigned to the duty of selecting a thing for public use which will be or may be adopted upon his recommendation he owes to the Government the utmost good faith, and the Government is entitled to his unbiased judgment. In this case the device was adopted by the Commissioner of Internal Bevenue upon the recommendation of the officer who was its inventor. That officer was then occupying a position of public-trust, and was in the matter of the selection of this stamp a guardian of the public welfare. It would not have been impossible or improper for some higher officer of the Government, such as the Secretary of the Treasury, acting on his own judg *343 ment or by the advice of disinterested experts, to have bought an invention made by another public officer; but it would be contrary to public policy and to the principle which governs the transactions of guardian and ward, or of trustee and cestui que trust, to allow an officer to take advantage of the trust confided to him. In such cases the law does not imply a contract.
The court is also of the opinion that the Act 20th July, 1868 (15 Stat. L., 125), did not extend to the invention covered by the claimant’s patent, nor preclude him from selling the patented device to other persons; and that the .stamp of which the statute prohibited the use was the stamp engraved, printed, and purporting to be a revenue stamp issued by the authority of the Government.
Finally the court is of the opinion that while the Government did not obtain a specific interest in the patent, nor a monopoly of the invention, nor a right to share in the profits thereof, nor to exclude other persons from the use of it, nevertheless it acquired the right to manufacture and use the stamp in its revenue service without liability to the inventor; and that the assignee, the claimant, having taken the assignment while the invention was in the open and notorious use of the Government under an act of Congress, was chargeable with notice of the facts relating to its public user, and having acquired his property therein for a nominal consideration and in exchange for an unliquidated, antecedent indebtedness can assert no higher right or equity than that of his assignor.
The judgment of the court is that the petition be dismissed.