Davis, J.,
delivered the opinion of the court.
This is a reference under the Bowman Act of a claim for alleged infringement of a patent for cartridges, and the only question of law presented is whether the claim is u barred by virtue of the provisions of any law of the United States” (22 Stat. L., 485.) If so barred, this court is without jurisdiction to find the facts in aid of the Senate committee which sends the matter to us, as the case would then fall within the express exclusion of section 3 of the Act of 1883 (Dunbar’s Case, 22 C. Cls. R., 109). On the other hand, “ if it be true that the claimant had no cause of action at any time which might have been asserted in this court,” his claim is not barred, and “ he has a right to maintain this petition under the present reference.” (Ibid., 113.)
We must loot into the record to some extent before a decision can be reached upon this jurisdictional question, and we must proceed to examine the facts until we reach a point where the claimants or their assignor shall appear to have once had a right of action against the Government, which has since ceased, in whole or in part, to exist through the operation of the statute of limitations.
It appears, then, that one Howe, a mechanic, invented a pistol-cartridge, which he patented. The letters patent were issued in August, 1864, and, except for experimental purposes, no Howe cartridges were ever manufactured by any one. Howe did not claim that any part of his cartridges was new, but did claim as novel the combination of the different parts.
It does not appear that Howe or his assignees ever had any communication with the Government in relation to his cartridges, and if there was any implied contract, it rests upon user by the Government on the one side and that consent which silence gives on the other.
To this statement there was one exception. In May, 1881, a suit for infringement was brought in the Circuit Court of the United States for the district of Connecticut by the plaintiff's here, the assignees of the inventor, Howe, against certain officers of the United States, who were manufacturing what is commonly called the “ cup-anvil cartridge,” a cartridge then *479 much used in the Army, and which it was then and is now alleged infringed Howe’s patent. In that suit plaintiffs were successful, and no appeal, so far as appears, was taken by the defendants there from the Circuit Court’s decision.
Yery few “ cup-anvil ” cartridges have been manufactured since 1881, and the serious financial interest in the case is confined to the years prior to 1882. Howe’s patent expired about the time when the Government practically ceased to manufacture the cartridge alleged to be an infringement upon his rights. It is admitted that, if Howe or his assignees had a contract, it is now too late to appeal to this court for a remedy as to the greater part, if not the whole, of the claim. The first question presented is whether Howe over had a contract with-the Government.
The first case relating to patents reported in this court is that of Pitcher, decided at the October term of 1863. The facts, were, briefly: The warden for the United States penitentiary for the District of Columbia used certain broom-machines without the patentee’s authority and sold the brooms, and the proceeds were applied to the use of the United States in the management and support of the peiiitentiary. The claimant sued upon an alleged iuqdied contract, contending, in substance, that he relied upon a promise arising from an implication of law to refund the money received from the brooms sold, and further, that in using his-machine the Government had not committed a tort, but had taken private property for public use, and therefore a promise must be implied to make reasonable compensation. '
The court, however, held that there was no taking within the meaning of the constitutional provision, which did not intend “ that every subordinate officer or petty agent of the-United States might undertake to decide for himself when the exigency has occurred or the necessity exists for the seizure and appropriation of the property of the citizen.” In this case there was, said the court, “ a mistaken and unauthorized use. * * * It was the disturbance or infringement of his right, instead of the caption of his property.” The court further held that an implied contract could not rest upon the acts of an agent without power to make an express contract, and while the Government received the money for the brooms made by the machine, still no action upon contract would lie therefor, *480 as the brooms belonged to the United States, and the claimant’s interest was not in the brooms, but in the machine. Finally, the court held that upon no theory was a contract to be implied, and the claimant had suffered from infringement only j that is, from a tort. They therefore dismissed the petition. (1 O. 01s. It., 7).
Burns’s Case rested upon an express contract, whereby the use of the invention (the Sibley tent) by theGovernmentwas authorized ; and, in distinguishing the two cases, the court said: “ Where an officer of the United States, without authority from them, uses in their service a patented invention, the act, being unlawful, is his and not theirs, and he and not they are responsible for it.” (4 C. Cls. R., 113; affirmed, 12 Wallace, 246).
Shavor’s Case (4 C. C1s. R., 440) turned upon a point not bearing upon the case at bar; so with Hubbell's Case (5 C. Cls. R., 1 ; and 6 id., 53), which came here under a special statute.
In Fletcher’s pase, where compensation was claimed for the use of a stamp, the court held that the Government did not use the stamp or contract with the claimant. A further point was made, the decision upon which is thus stated in the syllabus of the ease: “ If the Goverhment adopt the design of one inventor, and a patent is subsequently issued to another for the same device, this court has not jurisdiction of an action for an infringement.” (11 C. C1s. R., 748).
A very full discussion of the jurisdiction of this court over cases resting upon contract with the Government for the use of a patent is found in McKeever’s Case. Therein it appeared that the claimant’s invention (a patent cartridge-box) had been recognized by the War Department as his invention; it had been examined by proper officers, at his instance, and its use had been recommended. Claimant’s ownership of the patent had always been recognized in the Department, and he applied for payment as soon as manufacture began, and his right to irnyment was not then contested. Upon these facts the court sustained McKeever’s contention, and gave him judgment (14 C. Cls. It., 390; affirmed by Supreme Court, without opinion, December 5, 1882).
Dahlgren’s Case came here under a special act of Congress. (16 C. Cls. R., 30).
In the Pacific Submarine Company (19 C. Cls. R., 234) no question of jurisdiction was discussed.
*481 In Palmer v. The United States (19 C. Cls. R., 669) it was conceded on both sides that there was no infringement, and that-whatever the Government did was done with the consent of the patentee and under his implied license.
In Hubbell's Case (20 C. Cls. R., 354) no jurisdictional point was discussed, and a decision adverse to the claimant was given upon the merits.
In Palmer’s Case it appeared that the invention had been submitted to the War Department and approved. Thereafter, without express license the Ordnance Department proceeded to manufacture; and the claimant recovered royalties in this court upon an implied contract. (19 C. Cls. B., 669; 20 O. Cls. R., 432. Affirmed, November 19,1S88).
Under the peculiar facts in. the Solomons Case the court held that the Government was free to use the invention in suit, and that there could be no presumption of an implied contract on the part of the Government to pay for its use. (21 C. Cls. R., 479; 22 C. Cls. R., 335).*
It will be noticed that in all the cases in which the contention has been sustained here, that there existed an implied contract between the inventor and the Government, there had been communication of some kind between the inventor and proper officers of the Government. The inventor had offered his invention, had called attention to his alleged rights, had claimed compensation or in some equivalent manner had put the Government upon their guard, and done some act tending to establish privity between them and him.
Neither Howe nor his assignees pursued any such course, and, until the beginning of the action in the Circuit Court, the Government seems to have been in ignorance of his claim. Neither plaintiffs nor Howe submitted the patent to the Government or asked the Government to use the invention or to pay for it, and the Government by no affirmative act recognized any right in the plaintiffs or Howe in the alleged improvement iu cartridges. To establish a contract here, therefore, we must proceed to this extent, that a contract for the use of an invention upon which the inventor may rely for the recovery of royalties is to be implied whenever the Government uses an invention, whether through ignorance or carelessness or mistake. *482 That is, such a contract arises from naked use, even perhaps if under a claim of right. A mistaken or unauthorized use of an invention by a Government officer can not, however, create a contract (United States v. Great Falls M'f’g Company, 112 U. S. R., 657; Langford v. United States, 101 U. S. R.; Hollister v. Benedict M'f'g Company, 113 U. S. R., 59).
That this was not a taking of private property for public use in the sense of the Constitution is no less clear. As the court has said in another case (Pitcher's, 1 C. Cls. R., 7), it was a “ disturbance or infringement” of claimant’s right, “not a caption of his property.”
If, then, there was no contract, if there was no taking of private property for public use, from which a promise to pay would be implied, the claimant had but one remedy against the Government, and that was upon the tort; a remedy only to be obtained from Congress. Never having been a contractor with the Government, he never had a right of action here, and his claim is not barred on that ground.
We do not understand that section 3477 of the Bevised Statutes operates as a bar upon a claim. It forbids the transfer of a claim, but leaves the claim itself intact. Consequently it does not affect the jurisdiction of this court under the Bowman Act over cases transmitted to us by Congress or by a committee thereof. On the contrary, it constitutes a defense to a suit by the assignee, and in Congressional cases it is an important fact, showing the title to be in some person other than the present claimant; a fact which must be reported to Congress.
We conclude that we have jurisdiction to find the facts in this case for transmission to the Committee on Claims of the Senate.

 See also Davis’s and Butler’s Cases (ante pp. 329, 335),