Peck, J.,
delivered the opinion of the court:
Abraham Burchiel, a citizen of Humphrey Counly, Tennessee, seeks to recover the value of three thousand six hundred and eight railroad ties, ninety-one shovels, and forty-five picks, worth the sum of $1,823 95, which he alleges he furnished, sold, and delivered to the defendants, in the State of Tennessee, between the first of January and the first of June, A. D. 1864.
The proof in this case is more direct and complete than is usually presented for our consideration.
A witness, in the service of the United States at the time of the delivery of the ties, spades, and picks, alleged in the petition to have been sold to the defendants, and who kept a memorandum about the ties, which was a part of his official duty, proves the delivery of them and their value at the time of delivery. He also proves the sale of the spades and pickaxes and their value. The case is entirely free from doubt. The ar- *551 tides were accepted by tlie United States and used and applied in and about the public sendee.
All the witnesses speak of the loyalty of the claimant as being beyond question and excellent in character. This fact is not put in issue. Without that, in a case like this, loyalty need not be established by evidence. This claimant was not a voluntary resident within rebel territory.
The defendants urge as an obj ection to the right of the claimant to recover, that the railroad ties were not cut from timber which had grown upon land owned by him. The objection is not valid to defeat a recovery. One of the witnesses says fifteen hundred of the ties were cut upon land owned by him, and that he gave them to claimant. Some of the ties were cut upon the land which the claimant himself owned. However this may have been, if the claimant cut the ties upon land owned by others, he must account to them if he has done them a wrong. ' The United States are not answerable in any way for this or any other trespass.
The defendants rely upon the fact that there was not a written contract in the case authorizing a recovery. We distinguish between a right of recovery upon executory contracts where damages are sought for non-performance by the defendant, and those that arise from an implied obligation to pay for articles actually purchased and used and applied by the defendant.
We see no valid objection to this claim. It appears to be well founded in law and equity, and we accordingly direct a judgment in favor of the claimant for the sum of $1,823 95.