Drake, Oh. J.,
delivered the opinion of the court:
The only question now presented in this case is that of jurisdiction, as to Hutchings & Harris.
The case is sent here by the Secretary of War, under the seventh section of the Act 25th June, 18C8, (15 Stat. L., 75,) the material parts of which, applicable to that question, are in the following words:
“ That it shall and may be lawful for the head of any executive department, whenever any claim is made upon said department involving disputed facts or controverted questions of law, where the amount in controversy exceeds $3,000, * * '* to cause such claim, with all the vouchers, proofs, and documents pertaining thereto, to be transmitted to the Court of Claims ; and the same shall be there proceeded in as if originally commenced by the voluntary action of the claimant: * * * Provided, however, That no case shall be referred by any head of a department, unless it belongs to one of the several classes of cases to which, by reason of the subject-matter and character, the said Court of Claims might, under existing laws, take jurisdiction on such voluntary action of the claimant. And all the cases mentioned in this section, which shall be transmitted by the head of any executive department, * * * shall be proceeded in as other cases pending in said court, and shall, in all respects, be subject, to the same rules and regulations; and appeals from the final judgments or decrees of said court therein to the Supreme Court of the United States shall be allowed, in the manner now provided by law.”
Such being the iaw conferring authority on heads of departments to refer cases to this court, the Secretary of War, on the *120 16th of February, 1870, addressed a letter to this court, in the following terms:
“The undersigned,- Secretary for the Department of War of the United States, hereby represents that a claim has been made upon said department for rent of 117^ acres of land, near Jeffersonville, Indiana, from the 1st day of June, 1868, to the present time, at the rate of $2,937 50 per annum, by Eusebius Hutchings and Alfred Harris $ and that a claim for the rent of the same property, at the same rates and for the same period, has been made upon this department by Jesse D. Bright.
“That the fact of occupation .by the United States of the property aforesaid, during the time alleged, is admitted by this department, but that the undersigned has refused to allow either of said demands, because the conflicting claims of the parties raise questions of law, viz, as to the respective interests of the parties in the property aforesaid, which it is peculiarly the province of judicial tribunals to decide; and because the main question of fact in the case, viz, as to whether Hutchings & Harris did, on or before the expiration of their lease, elect to purchase an undivided two-thirds part of the premises, is left in' such doubt by the evidence that it cannot be satisfactorily passed upon by the executive branch of the government.
“And the said claims thus involving disputed facts and controverted questions of law, and the amount in controversy exceeding $3,000, the undersigned hereby, and in accordance with the provisions of law, causes said claims to be transmitted to the Court of Claims for trial and adjudication, according to law.”
After the claims of the contending claimants were thus referred to this court by the Secretary of War, Jesse D. Bright filed in the court his petition, setting forth his claim and praying judgment against the United States.
Hutchings & Harris not having filed any petition, the court, on the 13th of February last, ordered “ that the clerk of this court issue a citation to Hutchings & Harris, parties claiming an interest in said case, to appear and file their petition in the same.”
A citation-was accordingly served upon them personally, in Louisville, Kentucky, on the 24th of February last, to which they respond, not by filing a petition, but by a plea to the juris *121 diction of this court over them, which plea is in the terms following:
“And now into this honorable court, by counsel, come Euse-bius Hutchings and Alfred Harris, both citizens of the State of Kentucky, and residents of the city of Louisville, in said State, and respectfully show and aver that they have been served with a citation from this honorable court, commanding them to appear on the 1st day of April, 1871, in this court, in the above-entitled cause, and file their petition in the same; and thereupon the said Harris & Hutchings now appear for the sole purpose of pleading to the jurisdiction of the court, and say that it appears by the reference of this case to the court by the Secretary of War that the court is asked to entertain and decide a question of disputed title, legal or equitable, between the above-named Harris & Hutchings and the petitioner, Jesse D. Bright, to a tract of land in the State of Indiana, and that the said Hutchings & Harris are now cited by the United States, in order to enter upon that controversy with Jesse D. Bright, the petitioner, in this honorable court. And the said Eusebius Hutchings and Alfred Harris allege, as a plea to the jurisdiction of this court, that this court has no power or jurisdiction to cite them to appear and file a petition in the premises, and this court has no power to try and determine the question as presented by the reference made to the court by the Secretary of War in the case, and they pray judgment of this honorable court whether they shall be compelled to file a petition in this case, or to take any further proceeding therein, and they pray to be hence dismissed.”
This idea seems to us to proceed upon a misconception of the true attitude of this case and of the parties, in connection with the Secretary of War’s letter of reference. The plea evidently assumes that the questions stated by him as involved in the case are the questions necessarily to be passed upon by this court; and upon this assumption Hutchings & Harris resist in limine by a plea to the jurisdiction.
That such questions may arise in the progress of the case we suppose, from the Secretary’s letter, very possible; but his letter does not itself bring them before us; nor could he, by any form of reference he might adopt, prescribe what questions we should consider in regard to any claim he might refer to this court. His duty is performed when he sends the claim here, *122 with the information that it involves disputed facts or controverted questions of law. Thenceforth the case is with the court, which will consider and determine such questions as legitimately arise in it.
The first point for investigation and decision in any such case is, whether the claim belongs to any one of the classes of claims of which, by law, this court has jurisdiction. This we have no difficulty in settling in this case, for the present purpose, by the Secretary’s letter of reference.- He states the claim to be for rent of laud, and the amount in controversy to exceed $3,000. The claim, therefore, is “founded upon contract, express or implied,” and, being more in amount than that sum, is clearly within the legally-defined jurisdiction of this court.
The next question is as to the course of proceeding in the case. This is indicated in the above-cited provisions of the Act 25tlv June, 18G8, declaring that all cases which may be transmitted by a head of a department to this court, in pursuance of the authority of those provisions, “shall be proceeded in as other cases pending in said court, and shall in all respects be subject to the same rules and regulations.”
The first rule of this court is that “every claim shall be stated in a petition addressed to the court, and signed by the claimant or his counsel;” in which petition, as required by the second rule, there shall be “a plain, concise statement of the .facts and circumstances, giving place and date,” and a “prayer, in which the claimant must state distinctly the amount for which he demands judgment, or the relief to which he may be entitled.”
When, nearly a_year after the reference of this case to this court, our attention was called to the fact that Hutchings & Harris had filed no petition in it, the citation was ordered and issued, not, as they assume, requiring them to filé a petition in an action wherein a question of disputed title, legal or equitable, between them and Jesse D. Bright, to a tract of land in the State of Indiana, is involved, nor, as they allege, summoning them to enter in this court upon that controversy with Bright, but calling upon them to comply with the law and-the rules of this court, by presenting here a petition setting forth, in the manner prescribed by those rules, the claim against the United States which they had filed in the War Department, and which is lawfully referred to this court by the head of that *123 department. This is the single and simple point involved in the citation ordered by the court and served upon Hutchings & Harris. •
Though they filed their claim in that department with the knowledge that the law authorized its reference to this court, if the Secretary so willed, and that, when so referred, the case would have to be “proceeded in as other cases pending in this court, and should in all respects be subject to the same rules and regulations,” yet they deny the right of the court to take cognizance of the case, or to require compliance on their part with those rules and regulations in the matter of filing a petition setting forth their claim, because they say that a private controversy between them and Bright is involved in the claim, which this court has no right to consider. In this they are too fast. No such controversy has yet been developed. Their claim against the United States is the sole matter now properly before us. Of that we have unquestioned jurisdiction. Of Hutchings & Harris, too, we have jurisdiction, by the reference of the claim to us, and by the service of the citation upon them. If they would be heard here at all, they must gain a title to a hearing, by complying with the law under which they brought themselves when they preferred their claim against the Department of War.
The plea to the jurisdiction is overruled.