Nott, J.,
delivered the opinion of the court:
This is a Congressional case transmitted to the court by the Committee on Claims of the House of Representatives.
On the part of the claimant the court is requested to find “That in the course of trade the said firm of Balmer & Weber sold and delivered to proper officers of and for the use of the United States, on the orders of Capt. August Waldauer, music director of the Western Department, given in obedience to command of J. C. Frémont, major-general, commanding, dated August 20, 1861, the musical instruments enumerated in the schedule; that the Government of the United States has had the use and benefit of said musical instruments, and that claimant has been paid no part of the value of the same.”
On the part of the defendants the court is asked to decide that the claim is not within its jurisdiction, being barred by virtue of a law of the United States, viz, the statute of limitations.
The question of jurisdiction ugder that clause of the Bowman Act, which provides (sec. 3) that the court shall not have jurisdiction “ of any claim against the United States which is now barred (March 3,1883), by virtue of the provisions of any law of the United States,” has frequently been before the court, but not precisely in the present form. Here we have, according to the claimant’s statement of it, a plain case of contract, a sale and delivery of goods at specified prices to the agents of the United States and for the use of the United States; a case clearly within the general jurisdiction of the court, and clearly within the operation of the statute of limitations. If the suit came only within this general jurisdic *86 tion, unquestionably it would be held that the claim is barred by the statute. The question, therefore, is whether this claim, which would be barred if the suit were brought under one jurisdiction, is not barred simply because the case comes into court by virtue of another jurisdiction?
There are intricacies of legislation concerning the several classes of cases that come before this court which will justify the endeavor to make plainer the law of our jurisdiction.
1. So far as the general jurisdiction of the court is involved, Congress alone have power to take a case out of the operation of the statute of limitations (Revised Statutes, § 1069). That statute is positive law, and nothing less than the authority of a law can render it inoperative. If the action is brought within the general jurisdiction, the petition must generally be filed within six years from the time when the claim first accrued. There are, indeed, cases where the petition need not literally be filed within the six years; cases referred to the court by the head of an Executive Department under the Revised Statues, § 1063, but in them the claim must have been presented to the Department within six years. (Lippitt’s Case, 14 C. Cls. R., 148 5 100 U. S. R., 663; Finn’s Case, 123 id., 227.) Such cases do not come here by the voluntary act of the claimant, nor necessarily with his consent. Not only may the claim be referred, but the claimant himself may be brought into court by the defendants in order that they may obtain a final judgment which will extinguish his demand. (Bright & Hutchings’s Case, 6 C. Cls. R., 118.) In such cases the statute of limitations is not waived, but by relation the suit is supposed to have been begun when the claimant gave the head of an Executive Department authority to force him into court. That is to say, for the purposes of that branch of litigation and as against the operation of the statute the suit is deemed to have been begun, not by the involuntary filing of the petition in the court, but by the voluntary presentation of the claim to the Department. In no other class of cases is the running of the statute of limitations stopped by the presentation of the claim to an Executive Department. Where the claimant voluntarily comes into court he must come within the time prescribed by law.
2. Either of the Houses of Congress may refer a claim to this court for the ascertainment of facts including those which *87 may “ excuse the claimant for not having resorted” to his remedy in due time, to the end that Congress may remove the bar uof any statute of limitation” by legislating for his relief (Tucker Act, 1887, 24 Stat L., 505, § 14.) In such cases the court has indeed jurisdiction to determine the facts, but nothing more. Its report to Congress does not determine a legal right, nor relieve a claimant from the legal consequences of his own laches or mistake in not prosecuting his cause of action within due time. Either of the Houses of Congress may also refer a claim to this court under the Revised Statutes, § 1059. But it has been held by this court (Broadus Motion, 15 C. Cls. R., 465) that such a reference does not confer jurisdiction of the person, and by the Supreme Court (Ford v. The United States, 116 U. S. R., 213), that where jurisdiction is restricted by positive enactment to a fixed period, the reference does not remove the restriction, nor in any case suspend a general statute of limitation.
3. A committee of Congress is authorized by the Bowman Act, 1883 (22 Stat. L., p. 485, § 1) to transmit “ a claim or matter” to this court for the “ investigation and determination of facts,” provided that at the time of the enactment, March 3, 1883, it was not “ barred by virtue of the provisions of any law of the United states ” (§ 3). But no committee can authorize an investigation where a claim was barred by the express terms of an act, nor where the jurisdictional period for the prosecution of a claim had then expired, and where these are inadvertently transmitted the court is expressly inhibited from exercising jurisdiction (§ 3). Dunbar’s Case (19 C. Cls. R., 489); Ford’s Case (ib., 519).
4. A claim or matter pending in an Executive Department involving “controverted questions of fact or law” may be transmitted under the secoud section of the Bowman Act by the head of the Department, but this power is subject to the same restriction as that set upon the committees of Congress by the third section. In other words, the power to authorize the investigation of a claim which was barred on the 3d March, 1883, by any law of the United States is lodged exclusively in either of the two Houses of Congress, and is not confided to the committees, nor to the Executive Departments, nor to the judiciary. A claim or matter pending in an Executive Department may also be transmitted under the twelfth section of the *88 Tucker Act, 1887 (24 Stat. L., 405). Bat this provision has never been before the court for construction.
So far the law, its application and operation, are clear, and if there were but one statute of limitations and it were operative everywhere, and all claims were subject to its operation, no obscurity would exist. But there are claims which are subject to the operation of special jurisdictional limitations, such as the captured property cases, and the claims whereof the Southern Claims Commission, the Quartermaster General, and the Commissary General had an exclusive jurisdiction; and there are claims which are not subject to the operation of any statute of limitations.
The last are claims for which no remedy has existed, of which no court, or commission, or department has had jurisdiction, and where redress, if any, rests entirely within the discretion of Congress. A claimant can not be charged with laches, if there was no court, or department, or tribunal to which he could go for redress, There are also claims which are barred in one place but notin another; claims upon which an action can not be maintained upon the merits in a court, but which, nevertheless, can be settled at the Treasury. These are the great class of claims whereof the accounting officers have jurisdiction. They are necessarily claims founded upon contract, that is to say, upon the legal obligations of the. Government; causes of action resting upon proofs in the nature of vouchers involving only the ordinary discretion and adjustment of an auditor. But it does not follow that all claims founded upon contract are within the jurisdiction of the accounting officers; on the contrary, there are many known to the law as ex con-tractu which can not be settled at the Treasury, but which, nevertheless, being ex contractu, are within the jurisdiction of this court. These can not be rigidly defined; but it is sufficient to say by way of illustration that they are causes of action founded upon a breach of contract; claims for damages suf-ered; demands for gains prevented; cases of implied contract, where the establishment of the legal right is beyond the discretion and meansof accounting officers. .Beingontlieonehand beyond the power of the accounting officers, and on the other within the jurisdiction of the court; these are subject to the statute of limitations and barred by it within the intent of the Bowman Act.
*89 If, when the act first came before the court for interpretation, ithad been held that every action which was barred by the statute of limitations was barred within the meaning of the Bowman Act, a very plain rale would -have been laid down, easy of application and not liable to be misunderstood. But while that is true on the one hand, on the other it is equally plain that a large class of cases would have been excluded from jurisdiction here which were not excluded from settlement at the Treasury. The purpose of the act? was not to afford'relief to claimants, but to afford assistance to Congress and the Departriients, and no sound reason could be assigned for saying that the assistance should be withheld in any case which a Department was bound to investigate and decide. Accordingly, it was held that so long as any door of settlement is open a claim is not barred within the intent of the Bowman Act. (McClure & Porter's Case, 19 C. Cls. R., 18; Dennis' Case, 20 id., 129.)
It must indeed seem an anomalous condition of affairs to every lawyer that where there are two legal rights of action founded upon the same contract, the one say for money due, the other for gains prevented, that the one is barred and the other is not, yet this condition of affairs necessarily results from the anomaly that the statute of limitations applies to the former right of action in The court, and does not apply to it at the Treasury. The paramount fact bearing upon the question remains, that so long as there are claims which the Executive Departments are bound to examine and settle, so long they are entitled to such aid as this court can render, and so long such claims can not be considered barred and may be investigated here.
There remains to be noted a case or class of cases which must not be confused with those now under consideration.
At the last term a case from the Treasury, transmitted under the second section of the Bowman Act, came before the court, in which it was held that the cause Qf action was what is known in equity as a “ stale claim,” and that the claimant having slept an unreasonable time upon his rights had lost his right to the relief he sought. (Waddell's Case, 25 C. Cls. R., 323.) In order to- fully understand the distinctive character of that decision it is necessary to bear in mind the distinctive character of the different classes of claims which the Government *90 through one or the other of its branches may send into this court:
1. The cases which g.re referred by the head of an Executive Department under the ¡Revised Statutes, § 1063, do not go back to the Departments, but continue here, like cases of original and ordinary jurisdiction, to final judgment. Consequently the finding of facts lias the finality of a verdict, and the judgment, unappealed, is absolutely conclusive upon both parties, and is the Constitutional, judicial determination of a legal right. Such judgments are the end of controversy, and can not be reviewed in Congress nor in the Executive Departments nor anywhere save in the Supreme Court. [O'Grady's Case, 22 Wall. R., 641.)
2. The cases transmitted to the court under the first section of the Bowman Act, popularly known as Congressional cases, on the contrary go back to Congress with a simple finding of facts, which involves no determination of a legal right. The court does not transmitió Congress an opinion nor any intimation of the relief to which a petitioner maj be entitled in law or equity, and the only questions of law determined here are questions of evidence arising in the trial of the case.
3. The cases transmitted to the court by either of the Houses of Congress under the fourteenth section of the Tucker Act differ from other Congressional cases only in this, that the court may find the facts, notwithstanding the bar of a statute of limitations, and report to Congress the reasons, if any, why the party should be relieved from the operation of the statute.
4. The cases transmitted to the court by the Executive Departments under the second seetion of the Bowman Act, popularly known as Departmental cases, unlike the cases referred under the Revised Statutes, § 1063, go back to the Departments, and unlike the Congressional cases go back with all questions of law decided, and with an opinion which according to the statute isfor the u guidance and action" of the Department. As the chancellor is said to be the keeper of the king’s conscience, so the court in matters transmitted to it by a Department becomes its judicial guide and determines for it questions of fact and law which may or may not decide the rights of the claimant, but which always involve the power and duty of the Department. The primary obligation of the court, therefore, in Departmental cases is not to decide whether the claimant *91 has or has not a good cause of action, but to inform the Department of what it ought or ought not to do.
The phrase “ a stale claim ” is one which belongs to equity jurisprudence. The greater flexibility andindependence of that system admits of an administration of justice which may be so molded and adopted as to secure substantial justice in particular cases or classes of cases. Thus a court of equity can say that he who seeks equity must do equity; but a court of law can only award to a suitor his legal rights. Accordingly courts of equity while dealing with those subjects of jurisdiction which.are not governed by statutes of limitation have nevertheless extended the principle that a court of equity will never relieve against conscience or public convenience so far as to hold that where reasonable diligence is wanting “ the court is passive and does nothing.” (Lord Camden in Smith v. Clay, Ambler, 045.) That is to say, where the delay is unconscionable, the claim is stale, and equity will not assist where its assistance may work injustice. Upon that principle this court when acting for the “ guidance and action ” of the Treasury Department, held that the Department should not in the exercise of its discretion aid or act upon a claim which had slept for such an extraordinary length of time that the delay might work injustice to the Government; in other words, that the assistance of the Department should not be given where assistance would be refused if the claimant were seeking it in a court of equity.
But stale claims are not defined by statue and are not known to the law and must be judged by the circumstances which attend each and be determined in the discretion of the tribunal to which they are presented. (Boone v. Chiles, 10 Peters, 176, 223.) A stale claim is not a barred claim. The criterion of the one is the judgment of a judge in equity; the criterion of the other is whatever the statute law of the land says. It is barred claims concerning which the court is inhibited from exercising jurisdiction; it is stale claims concerning which the Treasury Department may exercise an official discretion.
The present case illustrates very well the law above stated. It must be conceded that if there was ever a legal liability on the part of the United States the claimant can not assert it by an action at law under the general jurisdiction of the court; for the statute of limitations began to run against his demand *92 in 1861 and it was barred in 1867. But it is at tbis point that the dilemma of the defense appears.
If the transaction was between the claimant and the Government it was a simple matter of contract for the sale and delivery of goods, a contract duly executed on the part of the vendors, a contract in which the price of every article sold was fixed and agreed upon ; or, if for any reason the express contract was void, it was at least a case of implied contract, upon which the Government was liable for the reasonable value of the thing sold and delivered (Clark's Case, 95 U. S. R., 539.) Of such claims the accounting officers have jurisdiction, and there being no statute of limitations applicable to claims before them they could have adjusted and settled the claim in 1883, when the Bowman Act went into operation, and can to-day. In that view of the case it was not barred when the Bowman Act was passed, and consequently could be transmitted by a committee of Congress to this court.
If the transaction was not with the Government - if the sale was to the different regiments which procured the instruments, as was held by the Quartermaster-General and the Davis-Holt-Campbell Commission — if the Government was a stranger to the transaction and the demand never in a legal sense was a claim against the United States, then assuredly it is not barred by any statute relating to the obligations of the Government, and of it the court has jurisdiction by virtue of the transmittance of the committee.
To recapitulate:
(1) Congress alone, by'the enactment of a law, can take a claim out of the operation of the statute of limitations.
(2) Either of the houses of Congress can authorize the .judicial investigation of the facts relating to a claim which in 1883 was barred by the statute of limitations, and only the houses of Congress.
(3) A committee oí Congress can not under the Bowman Act invest the court with jurisdiction of a claim, even for the mere investigation of the facts, if at the time of the passage of that act it was barred by any law of the United States.
(4) A claim was not barred on the 3d March, 1883, within the meaning of the Bowman Act, if it could then have been settled, paid, or adjudicated by any officer, department, or tribunal.
*93 (5) Those claims which immemorially have been settled by ■ the accounting officers, arising on contract express or implied, and being for the value of goods furnished or services rendered, were not barred within the intent of the Bowman Act, though the statute of limitations would have barred a right of action in this court; while conversely claims, of which the accounting officers have refused to exercise jurisdiction — claims for damages arising from breach of contract, for prospective profits, for losses and hindrances caused by the Government — were barred absolutely if the statute of limitations barred them in this court.
(6) Finally, claims for which there was no remedy, claims which could hot have been prosecuted or settled somewhere, are not barred within the intent of the Bowmau Act; that is to say, claims for which there was no redress either in an executive department or before a special tribunal or commission, or in this court; cases wherein tlie claimant had been guilty of no laches and his remedy depended entirely upon the clemency of Congress; injuries caused by collisions at sea; by the tortious acts of public officers; by the unauthorized or unlawful acts of public agent's, such claim's not being barred by any law of the United States, are within the jurisdiction of the court when transmitted under the Bowman Act.
The motion of the defendants to dismiss the case for want of jurisdiction is overruled, and the facts found by the court will be transmitted to Congress.