Williams, Judge,
delivered the opinion:
The issue in this case is whether plaintiff’s mother was in fact dependent upon him for her chief support, within the meaning of section 4, of the act of June 10, 1922 (42 Stat. 625, 627), which reads as follows:
“ That the term 1 dependent ’ as used in the succeeding sections of this act, shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
The findings of fact disclose that the plaintiff’s mother, during the period of the claim up to May, 1930, received an annual income of $1,320 as rentals from certain properties owned by her, and $1,570 per annum after May, 1930.
The findings further show that plaintiff’s mother expended annually at least $1,700 for the necessary and orderly maintenance of these properties. In other words, these properties never actually produced any income to the mother during the period of the claim.
The plaintiff, during the period in which dependency is claimed, contributed an average of $90 per month for the support and maintenance of his mother. Out of the amount so contributed $60 per month was used to defray her personal living expenses and the remaining $30 was used in making up the deficit incurred in the operation of the properties. She had no income available for her support from any source except the $90 per month contribution received from the plaintiff. No person, other than plaintiff, who was legally liable to contribute to her support was financially able to do so. Plaintiff’s mother, therefore, during the period in question was not only in fact dependent upon him for her chief support, but he was her sole and only support.
It is urged by the defendant that since plaintiff’s mother received an annual rental of $1,320 per year up to May 1, 1930, and $1,570 per year thereafter, and that this sum constituted the most or greater part of the funds necessary for her support, she was not in fact dependent upon him *631 for her chief support. This contention ignores entirely the fact that the properties owned by the mother cost more to maintain than they actually yielded in rentals. In determining the question of dependency the plaintiffs contribution should be compared with whatever income the mother received from properties owned by her in excess of the costs incurred in their maintenance. The costs of maintenance of the property are not an item to be included in her living expenses, and do not enter into the equation except in so far as the costs of maintenance are overbalanced by revenues received in the form of rentals. William B. Hetfield v. United States, No. K-138, decided June 1, 1931. [72 C. Cls. 728.] Tomlinson v. United States, 66 C. Cls. 697.
Plaintiff’s petition was filed on May 12, 1930. The defendant seeks a reduction in the amount claimed of $262, representing allowances from February 1, 1924, to May 11, 1924. Defendant’s position is correct as to the months of February, March, and April, 1924, but is without merit as to that part of the month of May prior to the filing of the petition. The plaintiff’s right to the allowances claimed for the month of May, 1924, did not accrue until the end of the month. Tricou v. United States, 71 C. Cls. 358. He is therefore entitled to recover full allowances for the month of May, the petition having been filed before the accrual of his right to the allowances for that month.
Plaintiff is entitled to recover rental and subsistence allowances authorized by law to a naval officer of his rank from May 1,1924, to October 24,1930, the last date on which testimony^ was taken. Plaintiff’s claim being a continuing one, he is also entitled to recover for such allowances between said date and the date of judgment, upon the submission of proof of dependency for that period. Judgment, therefore, will be suspended until the submission of proof of dependency since said date, and the receipt of a computation from the General Accounting Office of the amount due the plaintiff in accordance with this decision. It is so ordered.
Whatjbt, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur. •