Littleton, Judge,
delivered the opinion of the court:
In this case plaintiff seeks to recover under the first four contracts mentioned in the findings and the two supplements thereto amounts computed upon the basis of 20 percent of the net cost to the Government of the amount of material and trimmings saved by plaintiff in the manufacture of the articles of clothing called for from September 1, 1917, to completion of these contracts. The facts establish that the Quartermaster General authorized this additional allowance to the plaintiff from September 1, 1917, and that the total additional allowance, to which it became entitled under the contracts for the saving in material effected, was $17,958.40.
Plaintiff also seeks to recover $1,071.80 for extra cost incurred under written changes made in contract 4519-N, and this amount is established by the facts. The defendant filed a counterclaim for $2,538.60, an alleged overpayment by the Government for the garments called for by contract 4519-N, but the counterclaim is not supported by the evidence and it is denied.
The defendant contends that plaintiff is not entitled to recover under any of the contracts for the reason that the claims made were barred by the statute of limitation of six years at the time the suit was instituted on June 17, 1930. Plaintiff denies this and contends that “ the statute of limitations is inapplicable because the conduct of the Government itself has rendered the account between the Government and the plaintiff a mutual, open, running account, the last item of which is within the statutory period before the commencement of the present action.” We are of opinion that the contracts and the facts establish that there was not *730 such a mutual open, and current account between the parties as would bring this suit within the statute of limitation, and we have so found. The amounts to which plaintiff became entitled under the first four contracts and supplements, for additional compensation for savings made in materials furnished bj the Government clearly accrued not later than the date of completion of these contracts in May 1918, and the claim of plaintiff for additional compensation under the fifth contract, 4519-N, for changes ordered in writing accrued not later than the date of completion of this contract in September 1918. The contracts fixed the time when the payments to which plaintiff was entitled should become due and the fact that they were not paid by the defendant on or before the date on which the contracts were completed and the fact that the Government contended that the plaintiff had been overpaid did not, we think, create a mutual, open, and current account by the parties. The contracts in this case called for the manufacture by plaintiff of certain articles and payment therefor by the defendant of a fixed price at stated times. There were no reciprocal demands, such as are necessary to give rise to a mutual, open, current account, and the general rule that the cause of action to recover the balance due in the case of such current account at the date of the last item accrued is not applicable here.
The statute gave plaintiff six years within which to obtain a settlement of its claims in the departments but made it necessary that, if such settlement should not be effected within that time, suit be instituted within the six-year period. This the plaintiff failed to do and the fact that the matter was under consideration by the War Department and the General Accounting Office for a considerable time, during which the Government made certain audits and determinations disallowing plaintiff’s claims and the plaintiff made various applications for reopening and reconsideration, did not extend the six-year period within which the plaintiff was required to institute suit. In one of the audits the General Accounting Office, on January 29, 1924, within six years after the completion of the contracts, issued a certificate of settlement showing $136,526.45 due the Gov- *731 eminent after allowing plaintiff a 20-percent bonus of $17,820.35, but this settlement was not accepted by the plaintiff and the Comptroller General subsequently revoked the same.
The petition must be dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; and GeeeN, Judge, concur.
Booth, GMef Justice, did not hear this case, on account of illness, and took no part in its decision.