GreeN, Judge,
delivered the opinion of the court:
Plaintiff’s petition was filed on September 9, 1935. Senate Bill 4479, which referred to the Court of Claims the case now being considered with many others, was docketed on March 12, 1923, and the claim upon which this action is founded was therefore not presented to this court until more than twelve years after the congressional reference was made.
The plaintiff contends it is entitled to judgment under the general jurisdiction of this court acquired under what is known as the Tucker Act of 1887. The Government, on the other hand, insists that the statute of limitations has run against plaintiff’s claim and that the power of the court is limited to finding the facts for the information of Congress. Section 257, Title 28, of the U. S. Code (Judicial Code, Section 151) is as follows:
Reference of claims by Congress. — Whenever any bill, except for a pension, is pending in either House of Congress providing for the payment of a claim against the United States, legal or equitable, or for a grant, gift, or bounty to any person, the House in which such bill is pending may, for the investigation and determination of facts, refer the same to' the Court of Claims, which shall proceed with the same in accordance with such rules as it may adopt and report to such House the facts in the case and the amount, where the same can be liquidated, including any facts bearing upon the question whether there has_ been delay or laches in presenting such claim or applying for such grant, gift, or bounty, and any facts bearing upon the question whether the bar of any statute of limitation should be removed or which shall be claimed to excuse the claimant for not having resorted to any established legal remedy, together with such conclusions as shall be sufficient to inform Congress of the nature and character of the demand, either as a claim, legal or equitable, or as a gratuity against the United States, and the amount, if any, legally or equitably due from the United States to the claimant. If it shall appear to the satisfaction of the court upon the facts established, that under existing laws or the provisions of this chapter, the subject matter of the bill is such that it has jurisdiction to render judgment or decree thereon, it *473 stall proceed to do so, giving to either party such further opportunity for hearing as in its judgment justice shall require, and it shall report its proceedings therein to the House of Congress by which the same was referred to said court. (Mar. 3, 1887, c. 359, Sec. 14, 24 Stat. 507; June 25, 1910, c. 409, 36 Stat. 837; Mar. 3, 1911, c. 231, Sec. 151, 36 Stat. 1138.)
The claim having been referred to this court by the Senate, the issue now raised is whether the court should proceed to final judgment thereon or only make such a report to the Senate as is provided for in the statute.
The resolution referring the bill to this court merely had the effect to transmit the bill and the claim to the court for action as otherwise required by law. In Hartsville Oil Mill v. United States, 271 U. S. 43, 44—45, the rule with reference to jurisdiction is stated as follows:
The jurisdiction to hear and determine the claim is conferred by Jud. Code sec. 145, and was not enlarged or otherwise affected by the Senate Resolution.
And it is well settled that while either House can refer a claim to this court for findings of fact, neither acting alone can authorize the court to adjudicate a claim and render a final judgment. Ayres v. United States, 44 C. Cls. 110, 122. The position of the defendant is that as neither House alone can authorize the court to render final judgment and the bill or resolution does not enlarge the jurisdiction of the court, the reference to this court does not stop the running of the statute of limitations. We think this contention is well founded. The subject matter of the claim is one over which the court has general jurisdiction under existing law in section 145 of the Judicial Code (250 U. S. C. A.) giving the court jurisdiction over all claims against the United States upon any contract, express or implied, but section 257 quoted above provides that the court shall proceed to judgment only—
If it shall appear to the satisfaction of the court upon the facts established, that under existing laws or the provisions of this chapter, the subject matter of the bill is such that it has jurisdiction to render judgment or decree thereon, * * *.
*474 The provision is not as clear as it might have been made but we think it was not intended that the bill should enlarge the jurisdiction of the court and unless we should hold' that it did we have no authority to render judgment upon the claim.
The case of Post v. United States, 49 C. Cls. 105, sustains this construction of the statute. In that case the court held in substance that the claim set up therein was res ad judicata and ordered the findings to be certified to Congress without rendering any judgment.
We have often held that the statute of limitations is a jurisdictional matter in this court, of which the court is obliged to take notice whether pleaded or not. The bill which referred the case to this court did not provide that the case should be tried without reference to the statute on limitations. The case of Ford v. United States, 116 U. S. 213, was one in which a claim was referred to this court by a resolution of the Senate and the court said (p. 217-218) :
Every claim cognizable by the Court of Claims must be determined with reference to the limitation prescribed for claims of the class to which it belongs, unless Congress, by statute, otherwise directs. The Court of Claims has jurisdiction to hear and determine a claim referred to it by either House of Congress * * *; but unless Congress otherwise prescribes, that reference will not itself entitle the claimant to a judgment, if his claim is not well founded in law, or, when so referred, was barred by limitation. He acquires no new right by the reference, except to demand that his claim be heard and determined by the court, just as would have been done, had it been one of which the court could have taken cognizance by the voluntary suit of the claimant.
This case is not exactly parallel with the one at bar as the claim involved therein was barred by the statute of limitations at the time when the reference was made but we think the principles determined by the Supreme Court apply equally to the instant case.
The decisions upon which plaintiff relies were made in cases where the claim of the plaintiff was referred to a department which had authority to allow or settle it. In our opinion, they do not sustain the contention of plaintiff but *475 so far as they are applicable are to the contrary. In the case of United States v. Lippitt, 100 U. S. 663, 668, it was said:
Where the claim is of such a character that it may be allowed and settled by an executive department, or may, in the discretion of the head of such department, be referred to the Court of Claims for final determination, the filing of the petition should relate back to the date when it was first presented at the department, for allowance and settlement.
Apparently the Supreme Court treated the reference in such cases as merely a continuation of the proceeding before the department. But this case is not one that could be referred to an executive department for allowance and settlement.
In the case of Balmer v. United States, 26 C. Cls. 82, 86, which was a congressional case transmitted to the court, it was said:
If the action is brought within the general jurisdiction, the petitionnmust generally be filed withib six years from the time when the claims first accrued. There are, indeed, cases where the petition need not literally be filed within six years; cases referred to court by the head of an Executive Department under the Revised Statutes, Section 1063, * * *. Such cases do not come here by the voluntary act of the claimant, nor necessarily with his consent. * * * as against the operation of the statute the suit is deemed to have been begun, not by the involuntary filing of the petition in the court, but by the voluntary presentation of the claim the Department. * * * Where the claimant voluntarliy comes into court he must come within the time prescribed by law. (Italics ours)
Plaintiff in the instant case voluntarily came into court and as was said in the Post case, supra:
The right to a claim clearly prevailed; the remedy had been lost through the omission of claimants to follow the details of existing law respecting its recovery.
In the case at bar the plaintiff lost its remedy by failure to file its petition within the period of limitations.
*476 As above stated, plaintiff comes into this court sixteen years after its cause of action had originated and twelve years after its case had been referred to this court. It presents no reason for this delay and we can find.no excuse for it. The findings in the case will be certified to Congress but that is as far as this court can proceed with the case.
Whaley, Judge; Williams, Judge; LittletoN,- Judge; and Booth, Chief Justice, concur.