WhitakeR, Judge,
delivered the opinion of the court:
Plaintiff sues the defendant for the sum of $18,433.30, plus interest, alleged to be due on account of the purchase from the plaintiff by the defendant of 14,746.64 cubic yards of black earth. The defendant has filed a motion to dismiss the petition on the ground that the petition was filed more than six years after the cause of action accrued.
The petition alleges that in the month of December 1933 the plaintiff entered into a contract with the defendant to furnish it black earth at a certain rate per cubic yard and that in pursuance thereto it delivered to the defendant 14,746.64 cubic yards of black earth during the months of December 1933 and January and February 1934, and that said earth was duly approved and accepted by the defendant.
Nothing was said in the contract about the time for payment ; therefore, unless there is something unusual about this *339 particular contract, the time for payment was on the date of delivery and acceptance of the earth by the defendant. Guarantee Title & Trust Co. v. First National Bank of Huntingdon, Pa., et al., 185 Fed. 373 (C. C. A. 3); Pond Creek Mill & Elevator Co. v. Clark, 270 Fed. 482 (C. C. A. 7); Williston on Sales (2d Ed.), pp. 1104 et seq; Bradford, etc., R. Co. v. New York, etc., R. Co., 123 N. Y. 316; 11 L. R. A. 116. Chapman v. Lathrop, 6 Cow. (N. Y.) 110. See note 62 L. R. A. 805. This suit was filed December 18, 1941, more than six years thereafter. The plaintiff says that this general rule does not apply in this case because its cause of action did not accrue “until plaintiff’s claim had been determined, approved, or disapproved by a designated agency of the United States, namely, the Federal Civil Works Administration * * *."
As authority for its position it cites Globe Indemnity Co. v. United States, 291 U. S. 476; Farmers Cotton Oil Co. v. United States, 84 C. Cls. 468, 474; Pink, Liquidator v. United States, 85 C. Cls. 121, 124; Cohen, Goldman & Co., Inc., v. United States, 77 C. Cls. 713; Penn Bridge Co. v. United States, 71 C. Cls. 273.
The plaintiff has filed rules and regulations of the Federal Civil Works Administration and also certain pages of the Manual of Financial Procedure, Accounting, and Reporting for State and Local Civil Works Administrations, but there is nothing in any of them which prohibits the plaintiff from bringing suit until after its claim had been passed upon by the administrative agency. It would be astonishing if they did, since in such case the defendant merely by indefinitely postponing action upon a claim could defeat its payment.
Globe Indemnity Company v. United States, supra, is not in point. The question there was the date a cause of action accrued under a statute providing for the commencement of suits by subcontractors “within one year after the performance and final settlement of the said contract and not later.” We have no such statute here.
In Penn Bridge Co. v. United States, supra, it was held that the cause of action for increased wages paid plaintiff’s employees did not accrue until the claim had been determined and approved by the Bureau of Yards and *340 Docks, but this was under a contract expressly providing that before plaintiff should be entitled to recover for increased wages paid, its claim should be determined and approved by the Navy Department, Bureau of Yards and Docks. This is not the case here.
. The case of Farmers Cotton Oil Co. v. United States, supra, is not in point.
. The cases of Cohen, Goldman & Co., Inc. v. United States, supra, and Pink, Liquidator, v. United States, supra, instead of supporting plaintiff’s position, are authorities against it. In the Cohen, Goldman & Co. case, p. 730, after having stated that the cause of action accrued upon compler ,tion and acceptance of the work, the court said:
The statute gave plaintiff six years within which to obtain a settlement of its claims in the departments but made it necessary that, if such settlement should not be effected within that time, suit be instituted within the six-year period.. This the plaintiff failed to do and the fact that the matter was under consideration by the War Department and the General Accounting Office for a considerable time, during which the Government made certain audits and determinations disallowing plaintiff's claims and the plaintiff made various applications for reopening and reconsideration, did not extend the six-year period within which the plaintiff was required to institute suit. * * * .
In Pink, Liquidator v. United States, supra, p. 124, the court said:
* * * The time is not suspended during the period his claims for reimbursement under the terms of the contract are being considered and passed upon by the Government officials. * * *
The plaintiff in this case was entitled to sue as soon as the earth had been delivered. Of course, no one would elect to bring suit until they were satisfied that their claim was not going to be paid by the administrative agency in question, but the statute fixes a limit on the time -plaintiff can delay bringing his suit. That limit is fixed at six years (28 Ú. S. Code 262.) If before that time plaintiff is unable to obtain action upon his claim by the administrative agency, the statute requires that he protect his rights by filing suit *341 thereon. This the plaintiff did not do, and its claim, there-fore, is barred.
It results that the petition should be dismissed. It is so ordered.
Madden, Judge; Jones, Jwflge; Littleton, Judge; and Whaley, Chief Justice, concur.