Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff sues to recover flying pay based on his rating as an airplane pilot.
At the beginning of the period involved herein plaintiff was a major, Medical Corps, Regular Army. On June 1, 1937, he was promoted to lieutenant colonel. After completing the regular course in flying and having demonstrated his fitness for rating as an airplane pilot, plaintiff was given such a rating by the War Department effective April'30, 1920. He was detailed to duty requiring regular and frequent participation in aerial flights, and performed the duties which entitled him to flying pay.
However, for the periods in which he performed flying duty, plaintiff was not paid an increase of 50 per centum of his pay, provided for flying officers by the Act of July 2, 1926, section 2, 44 Stat. 781, but instead was paid for flying duty $1,440 per annum, less percentage deductions on account of the Economy Act when applicable, for the periods July 1,1934, to June 30,1935, and from March 31,1939, to June 2, 1939, and $720 per annum''from-' July ;22,' 1939 to October 31, 1940, maxima established respectively by the Act of April 26, 1934, 48 Stat. 614, 618, and like successive appropriation acts, and the Act of June 13, 1940, 54 Stat. 350, 354, for non-flying officers.
The distinction between flying and non-flying officers is statutory. It is agreed that plaintiff was rated as an airplane pilot. That plaintiff, being rated as an airplane pilot, was thereby, under the statute, a flying officer, cannot well be questioned. As the Act of October 4, 1940, 54 Stat. 963, expresses it, a flying officer is defined as one who has received an aeronautical rating as a pilot of service types of aircraft *396 or one who has received an aeronautical rating as an aircraft observer or as any other member of a combat crew under such regulations as the Secretary of War may prescribe.
However, the fact in this case is that plaintiff was also a Flight Surgeon. Defendant’s ■ counsel attempts to show that under the statute, Flight Surgeons ar.e by definition non-flying officers. But the statutes cited do not bear this out. For all that the record shows, there are Flight Surgeons who are qualified airplane pilots and Flight Surgeons who are not so qualified. Plaintiff was a qualified airplane pilot and entitled to .the pay of a flying officer. If he had been a Flight Surgeon without qualifying as an airplane pilot (the statute, Act of April 26,1939, 53 Stat. 592, 596, appears to assume there are non-flying flight surgeons), the situation might be different.
The order detailing plaintiff and certain other Medical Corps officers to flying duty stated:
This detail to duty involving flying requires aerial flights for the purpose of study and observation of the physical and psychological condition of flying personnel.
In Brown v. United States, 68 C. Cls. 734, 736, the findings made by this court quote'the following from War Department Circular No. 78, published June 14,1920:
* * * It has been demonstrated that the flight surgeon who is himself a flier is better qualified to do his special work in that he has experienced all of the sensations of flying, appreciates the stress which the flier undergoes, recognizes more quickly improper handling of airplanes by pilots, when due to staleness or other physical causes, aiid, most important of all, being a flier, lie has the confidence and esteem of his fellow fliers.
This recognized the existence of flight surgeons who are flying officers. Plaintiff was one of them and is entitled to their flying pay.
Defendant contends that in any event additional pay is not recoverable for services performed prior to October 29,1934, petition having been filed October 29, 1940. Plaintiff has dated the recoverable period back to the beginning of October, 1934, the controverted amount being $32.14.
*397 We are of the opinion that plaintiff is entitled to recover from October 1,1934. In Page v. United States, 73 C. Cls. 626, we held that an officer’s right to rental and subsistence allowances does not accrue until the end of a given month, and the statute of limitations does not, as to the allowances for that month, begin to run until the end of the month. See also Tricou v. United States, 71 C. Cls. 356 and White v. United States, 95 C. Cls. 400.
Plaintiff is entitled to recover $2,568.45. It is so ordered.
MaddeN, Judge; JoNes, Judge; Wi-iitakee, Judge; ¿nd LittletoN, Judge, concur.