Whaley, Chief Justice,
delivered the opinion of the court:
This case comes before the Court on the defendant’s motion to dismiss.
Plaintiff alleges that he was employed by the defendant as a janitor in the Post Office at Los Angeles, California, and under such employment worked continuously from July 1, 1929, to July 7, 1935; that he was entitled to an entrance salary of $1,320 per annum; that he was only paid $1,020 the first year, then raised to $1,080 per annum, which is the maximum he has received; and that he was erroneously removed from office (July 7, 1935) by the new postmaster.
The petition was filed September 4, 1943, and the motion to dismiss invokes the statute of limitations, section 156, Judicial Code, TJ. S. C., Title 28 § 262, and relies upon some other matters not necessary here to consider.
The plaintiff admits that his petition was not filed within the six-year limitation of the statute, but seeks to avoid the effect of the statute by setting forth the industry with which he pursued what he honestly believed to be his remedies, viz, claims or complaints to the Civil Service Commission, the Postmaster General, the Congress, the Comptroller General, the Treasury Department, and others, and suits in other courts, all to no avail, and argues that the statute did not begin to run until July 11, 1941, when, as he alleges, his last suit against the United States was dismissed for lack of jurisdiction.
Section 156 of the Judicial Code provides:
Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition setting forth a statement thereof is filed in the *296 court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives,^ provided by law, within sis years after the claim first accrues. * * *
The claim here in suit first accrued when it could first have been definitely ascertained and set up. This occurred not later than the year 1935, and the claim is therefore forever barred. The effect of the statute, which applies specifically to this Court, is not tolled by the failure of other supposed remedies.
As to the date from which the statute of limitations begins to run, see Smith v. United States, 98 C. Cls. 392, 396, 397; and Moriarty v. United States, 97 C. Cls. 338.
Defendant’s motion to dismiss is granted and the petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.