**SCHAEFFER et al. v. UNITED STATES.**

No. 49100.

United States Court of Claims.
Oct. 3, 1949.

Solomon Dimond, New York City, for plaintiffs.

John F. Ganong, Washington, D. C., General H. G. Morison, Asst. Atty. Gen., for defendant.

Harry I. Rand, Washington, D. C., for amici curiae.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

Plaintiffs allege that they were the owners of a completely equipped ocean-going yacht, the Panzola II; that on August 11, 1942, it, including equipment, furniture and fixtures, was requisitioned by the War Shipping Administration; that its reasonable and just market value on that date was $30,000; that it would require that amount to afford just compensation to plaintiffs; that the plaintiffs submitted their claim with supporting data to the War Shipping Administration which agency determined that plaintiffs were entitled to $7,000 as just compensation for the yacht, furniture, fixtures and equipment; that the plaintiffs advised the War Shipping Administration that the sum was wholly unsatisfactory.

On or about May 25, 1944, the plaintiffs and the War Shipping Administration agreed that plaintiffs would be paid $5,250 (75 per cent of the amount determined) and the plaintiffs reserved the right to sue for the balance. The sum of $5,250 was paid to the plaintiffs on June 9, 1944. The plaintiffs sue for the difference, plus interest, between that amount and $30,000, which they allege to have been the value of the yacht at the time of the taking. Suit was filed April 4, 1949.

Defendant demurs on the ground that the statute of limitations commenced to run on August 11, 1942, and as plaintiffs did not file their petition until April 4, 1949, this court has no jurisdiction by the terms of 28 U.S.C.A. § 262 [now § 2501], six years having elapsed after the claim first accrued and before the filing of the suit.

It is plaintiffs' contention that the statute of limitations did not begin to run until plaintiffs had exhausted their administrative remedies. They cite portions of 46 U.S.C.A. § 1242, and assert that since both parties had elected to proceed under this statute its provisions should govern.

We agree with the position taken by the plaintiffs.

Section 1242(a), 46 U.S.C.A. reads in part as follows: " * * * When any such property or the use thereof is so requisitioned, the owner thereof shall be paid just compensation for the property taken or for the use of such property, * * *."

Section 1242(d) 46 U.S.C.A. contains the following language: "In all cases, the just compensation authorized by this section shall be determined and paid by the Commission as soon as practicable, but if the amount of just compensation determined by

146

the Commission is unsatisfactory to the person entitled thereto, such person shall be paid 75 per centum of the amount so determined and *shall be entitled to sue the United States* to recover such further sum as, added to said 75 per centum will make up such amount as will be just compensation therefor, in the manner provided for by sections 41 (20) and 250 of Title 28. [Italics ours.]"

Congress by the terms of the act just quoted provided for the requisitioning of needed vessels. It provided a method of payment for such vessels. It is desirable that such procedure be followed. Certainly plaintiffs should not be penalized for following it. Smith v. United States, 67 C.Cl. 182, 208, and cases therein cited. See also New River Collieries Co. et al. v. United States, 65 C.Cl. 205, 228.

As an inducement to owners to follow the procedure a provision was made to the effect that if the owner of the requisitioned vessel were not satisfied with the value as determined by the Commission he should be paid three-fourths of the amount so determined, "and shall be entitled to sue the United States to recover such further sums, as added to said 75 per centum will make up such amount as will be just compensation therefor."

The quoted clause specially confers the right to sue, and certainly that right does not accrue until the terms of the statute are complied with.

A part payment and the accompanying acknowledgment that at least the balance of the amount determined was still due might well be construed to toll the statute of limitations up to that time. United States v. Wilder, 13 Wall. 254, 256, 80 U.S. 254, 256, 20 L.Ed. 681. But regardless of whether this is true, subdivision (d) Section 1242, Title 46 U.S.C.A., confers an affirmative right to sue, and such right does not accrue until the conditions laid down in the statute are complied with, regardless of whether plaintiffs could or could not have, by ignoring the statute, pursued another remedy. This is an affirmative right specifically conferred by the terms of the statute itself. The plaintiffs having in good faith complied with the conditions of the Merchant Marine Act, as amended, 46 U.S.C.A. § 801 et seq., are entitled to the remedy therein provided. Since the suit was filed within the six years following the Commission's determination, the court has jurisdiction and the demurrer is overruled.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.