## TAN v. UNITED STATES.
### No. 50277.

United States Court of Claims.
Feb. 5, 1952.

Whitaker, J., dissented in part.

Harold H. Martin, Washington, D. C., (George A. Nugent, Washington, D. C., and William R. Ives, Los Angeles, Cal., on the brief), for the plaintiff.

Thomas O. Fleming, Washington D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Matthew E. McCarthy, New York City, filed a brief on behalf of Juan D. Quintos, et al., as amicus curiae, in support of plaintiff.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

On August 14, 1951, plaintiff filed suit to recover $78,956.01 which represents the alleged value of lumber and other materials furnished to the United States Army Corps of Engineers at Santo Tomas, Luzon, during the period from about October 1 to November 3, 1941. Defendant has moved, pursuant to Rule 16(b), 28 U.S.C., to dismiss plaintiff's petition on the ground that the claim is barred by the Statute of Limitations, 28 U.S.C. (Supp. IV) § 2501, 62 Stat. 976. The arguments presented by both parties are similar to those discussed in Marcos v. U. S., Ct.Cl., 102 F.Supp. 547, and the conclusions stated in that case are controlling.

■ According to plaintiff's petition, her cause of action accrued no later than November 3, 1941, and the Statute of Limitations began to run against her at this time. For the reasons stated in Marcos v. United States, supra, the Statute of Limitations was suspended by the outbreak of war on December 8, 1941, Manila time, and did not commence to run again until September 2, 1945, the date of the formal Japanese surrender. Allowing for the 34-day period during which the Statute had run prior to the wartime suspension, plaintiff's claim should have been filed no later than July 30, 1951. Inasmuch as plaintiff's petition was not filed until August 14, 1951, it is untimely and barred by limitations.

■ However, plaintiff in this case presents an additional argument that the Statute was again tolled during the period from March 31, 1948, to June 11, 1949, during which time her claim was pending before the Army Claims Service. Plaintiff relies on the cases of Schaeffer et al. v. United States, 86 F.Supp. 145, 114 Ct.Cl. 568, and Smith v. United States, 67 Ct.Cl. 182, where Congress had specifically provided an administrative procedure to be used in settling claims arising out of the requisitioning of needed vessels. These cases are

distinguishable because of the absence of such a statutory provision in the instant case. Plaintiff's case falls within the rule established in numerous decisions of this court that the running of the Statute of Limitations is not tolled during the period a claim is under consideration by an administrative agency. Ylagan v. United States, 101 Ct.Cl. 294; John P. Moriarty, Inc., v. United States, 97 Ct.Cl. 338; Cohen, Goldman & Co., Inc., v. United States, 77 Ct.Cl. 713.

■ No cogent reason has been suggested by plaintiff that would warrant a deviation from this general rule as to claims submitted to the Army Claims Service. This body was established by General MacArthur as commander in chief of the United States Army Forces in the Far East,[1] pursuant to a sub-delegation by the War Department[2] of the powers conferred on the President in the First War Powers Act, 55 Stat. 839, 50 U.S.C.A.Appendix, § 611. The Claims Service was authorized to consider many types of claims against the United States Army, including claims arising by reason of irregular or disputed procurements by the Army, but insofar as we have been able to determine the submission to this body of claims against the Army was not made compulsory. However, the settlement or allowance of a claim by the Army Claims Service was made final and conclusive for all purposes.[3] The authority of the Army Claims Service to consider claims was terminated on June 30, 1949. Plaintiff voluntarily submitted her claim to the Army Claims Service in 1948, instead of presenting it to the Court of Claims in the first instance. Her claim, and others like it, had to be determined by June 30, 1949, more than two years before the bar of limitations arose against them in this court, so that she was afforded ample time following the administrative determination of her claim within which to file suit. Under such circumstances, there is no reasonable or useful purpose to justify an exception to the

1. USAFFE Regulations 1–75, October 4, 1944, as amended.

2. Executive Order 9001, 6 F.R. 6781, December 27, 1941, as amended by Executive Order 9296, 8 F.R. 1429, January 30, 1943, 50 U.S.C.A.Appendix, § 611 note.

3. USAFFE Circular 33, April 7, 1945, as amended.

554

rule that the Statute of Limitations is not tolled pending the administrative determination of the claim.

For the reasons set forth above the defendant's motion to dismiss must be granted and the plaintiff's petition dismissed.

It is so ordered.

JONES, C. J., and MADDEN, and LITTLETON, JJ., concur.

WHITAKER, Judge (concurring in part and dissenting in part).

I concur in the result reached, but I dissent from the statement that a litigant has the full six-year period, in addition to the time he was denied access to this court, for the reasons stated in my dissenting opinion in Marcos v. United States, Ct.Cl., 102 F. Supp. 547.