Howell, Judge,
delivered the opinion of the court:
Plaintiff is a Filipino residing in Cebu City, Philippine Islands, who brings his petition in this court for the recovery of goods and supplies allegedly commandeered by the Cebu Guerrillas on November 2,1943, the receipts for which were subsequently lost.
Plaintiff further alleges that the Cebu Guerrillas were duly recognized retroactively as of September 3,1942.
It appears from plaintiff’s petition that in 1948 he filed a claim for these goods with the Adjustment Division of the Adjutant General’s Records Depository, which agency on June 11, 1948, denied the claim for insufficient evidence and plaintiff’s request for reconsideration was denied on Mai’ch 20,1950.
Plaintiff’s petition was filed in this court on June 6, 1952. The defendant filed a motion to dismiss on the grounds that the petition fails to state a claim against defendant upon which relief can be granted; further, that said claim is barred by the statute of limitations, 62 Stat.976, 28 U. S. C., (Supp. V) § 2501, and that plaintiff’s petition fails to comply with Rules 12 (c) and 12 (f) of the Rules of this court.
Under the previous decision of this court in the case of Ferdinand E Marcos v. United States, 122 C. Cls. 641, plaintiff was under legal disability to bring his suit until September 2, 1945, and the running of the statute of limitations was not tolled while the claim was- being administratively considered. Flaviana Tan v. United States, 122 C. Cls. 662.
Plaintiff’s petition was not filed until June 6, 1952, which is more than six years subsequent to September 2,1945 and, accordingly it must be dismissed.
It is so ordered.
MaddeN, Judge; Whitaker, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.