LittletoN, Judge, and MaddeN, Judge,
dissenting in part:
This is a suit to recover disability retired pay from March 10, 1944 to date of judgment. As noted by the majority, the facts of the case are substantially identical with those in Capps v. United States, 133 C. Cls. 811. In that case the court held that an officer of the United States Army, discharged by reason of physical disability for an incapacity which was an incident of the officer’s prior service as an enlisted man, was entitled to disability retirement and disability retirement pay.
On the basis of the court’s decision in the Oapps case, supra, defendant concedes liability but urges, in its motion for partial dismissal of plaintiff’s petition, that this court is without jurisdiction to render judgment on those installments of disability retired pay which were due plaintiff and not paid more than six years prior to the filing of his petition on September 13, 1955. In defendant’s brief it makes the following statement:
The only point at issue in this motion is whether plaintiff is entitled to judgment from the date of his discharge on March 10,1944 to September 13,1949.
*820 In plaintiff’s brief, it is conceded that the issue as stated by defendant is the only one before the court. In plaintiff’s brief in support of his motion for summary judgment on the entire claim, plaintiff urges that the above issue was presented to the court in the Gapps case, supra, and was decided therein favorably to plaintiff’s contention.
It is true that in the Gapps case the court held that plaintiff’s claim was not barred by the six-year statute of limitations, 28 IT. S. C. § 2501, and judgment was rendered in plaintiff’s favor for all disability retired pay accruing from the date of plaintiff’s discharge, more than six years prior to the filing of a petition by Capps, to the date of judgment. However, defendant did not in the Gapps case make the contention which it makes herein, that only so much of plaintiff’s disability retired pay as accrued more than six years prior to the filing of the petition could not be recovered by a suit in this court. The statute of limitations issue presented to the court in the Gapps case was whether the entire claim must be dismissed as barred by the statute of limitations because the petition therein was filed more than six years subsequent to plaintiff’s discharge, without disability retirement status or pay.
The court has not expressly addressed itself to the only issue presented to the court for decision. We must assume, however, that since the court overrules defendant’s motion and grants the motion of the plaintiff, that it is of the opinion that no part of plaintiff’s claim is barred by the six-year statute of limitations. We dissent from the majority opinion to the extent that it holds plaintiff entitled to have judgment for installments of disability retired pay which were due more than six years prior to the filing of the petition, and we would grant defendant’s motion to dismiss the petition to that extent. While there is no question that under applicable law plaintiff should have been given disability retirement status on the date of his discharge, March 10, 1944, and should have received disability retired pay at the end of each month thereafter, we think the court is without jurisdiction to render judgment for any monthly installment of such disability retired pay which accrued more than *821 six years prior to the filing of plaintiff’s petition on September 13, 1955.
In granting defendant’s motion, however, we would grant it with respect to installments of pay accruing prior to September 1, 1949 rather than prior to September 13, 1949, because the petition filed on September 13, 1955 may properly include the installment of pay due at the end of September 1949. Page v. United States, 73 C. Cls. 626; Smith v. United States, 98 C. Cls. 392. See also Pacific Maritime Association v. United States, 123 C. Cls. 667. This would result in the inclusion of the month of September 1949 in the allowable portion of plaintiff’s claim.